IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EVERETT CASH INSURANCE CO.,**

    **Plaintiff,**

v.

    Civil Action 2:24-cv-4227

    Magistrate Judge Kimberly A. Jolson

**LORA HOWELL, et al.,**

    **Defendants.**

## OPINION & ORDER

Defendants Lora Howell and Justin Howell's Motion to Dismiss is before the Court. (Doc. 7). For the following reasons, the Court **DENIES** the Motion.

**I.    BACKGROUND**

This case is about insurance liability for an all-terrain vehicle ("ATV") crash. As alleged, Everett Cash Mutual Insurance Company ("Everett Insurance") issued a farm owner's insurance policy (the "Policy") to Lora Howell. (Doc. 1 at ¶¶ 2, 9; *see also* Doc. 1-1 (the Policy)). Effective from June 21, 2023, until June 21, 2024, the Policy covers Lora Howell and family members who live with her. (Doc. 1 at ¶¶ 10, 11). Relevant here, the Policy endorses a Polaris Ranger ATV but excludes coverage under certain circumstances, including if the ATV was "subject to motor vehicle registration." (Doc. 1 at ¶¶ 13–15; *see also* Doc. 1-1 at 2). Additionally, the Policy covers only "'bodily injury' or 'property damage' arising out of the ownership, maintenance, use, loading, or unloading of the described all terrain vehicle (ATV), while used on the '[I]nsured [P]remises,'" 27553 Black Road, Danville, Ohio 43014. (Doc. 1 at ¶¶ 16–18 (defining "insured premises" under the Policy); *see also* Doc. 1-1 at 2).

According to the Complaint, Justin Howell, a resident of Lora's household, drove himself

and three friends to dinner on the ATV on February 10, 2024.  (*Id.* at ¶¶ 12, 19–22).  Everett Insurance alleges that while returning home on a public road, Justin lost control while driving.  Tragically, Lauren Ellis was thrown from the ATV and severely injured.  (*Id.* at ¶¶ 22–24; *see also* Doc. 7 at 2).

The accident, says Everett Insurance, occurred about eight miles away from the Insured Premises, on a public road not owned by the Lora or Justin Howell, and not while the ATV was being used to travel from one farm to another.  (Doc. 1 at ¶¶ 25–29 (also alleging the location was not an access way adjoining the Howell's property or a location used for farming purposes)).  Everett Insurance also claims that, at the time of the incident, the ATV was not registered for use on public roads as Ohio law requires.  (*Id.* at ¶ 15, 32–34); *see* Ohio Rev. C. § 4519.02.  For these reasons, Everett Insurance argues it has no liability for the crash.  (*Id.* at ¶¶ 30–31).

As discussed below, Ellis filed a state court tort action against Justin and Lora Howell and others, for her injuries.  (*See* Doc. 17-1 (state court Amended Complaint)).  Everett Insurance is not a party in state court and has not sought to join that litigation.  Instead, Everett Insurance brought this federal lawsuit seeking a declaratory judgment that it owes no duty to defend or indemnify Lora or Justin Howell ("the Howell Defendants"), against any and all of Ellis' claims.  (Doc. 1 at ¶¶ 36–37).

The Howell Defendants filed a Motion to Dismiss for lack of subject-matter jurisdiction (Doc. 7), and Everett Insurance responded (Doc. 17).  (*See also* Docs. 11, 13 (order of consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c))).  Though a Defendant in this action, Lauren Ellis did not join the Motion to Dismiss or respond to it.  The matter is ripe for review.

2

**II.    STANDARD**

A federal declaratory judgment claim is governed by the Declaratory Judgment Act, 28 U.S.C. § 2201. In relevant part, the Act "provides that in 'a case of actual controversy within its jurisdiction' a federal court 'may' give a declaratory judgment, a power permissive, not mandatory." *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (also describing the district court's "unique and substantial discretion in deciding whether to declare the rights of litigants."). In other words, the Court's exercise of jurisdiction over such an action is discretionary. "Of course, this Court may not 'decline to entertain [an] action as a matter of whim or personal disinclination,' but must exercise its judicial discretion under the Act 'in the public interest.'" *Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 2:20-CV-5854, 2021 WL 2309571, at *2 (S.D. Ohio June 7, 2021), *report and recommendation adopted sub nom. Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:20-CV-5854, 2021 WL 3184947 (S.D. Ohio July 28, 2021), *aff'd*, 29 F.4th 792 (6th Cir. 2022).

In considering whether to exercise discretion, the Sixth Circuit instructs courts to consider the following (the "*Grand Trunk* factors"):

> (1) [W]hether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019) (citing *Grand*

*Trunk W. R.R. Co.*, 746 F.2d at 326). Additionally, the fourth *Grand Trunk* factor—whether the use of a declaratory action would increase friction between the federal and state courts and improperly encroach upon state jurisdiction—is further divided into subfactors:

> (1) [W]hether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008)). While courts should balance the factors, "[t]he relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014). At base, courts must take "a good look at the issue" and "[engage] in a reasoned analysis of whether issuing a declaration would be useful and fair." *Id.* (citation omitted).

As an aside, the Howell Defendants bring their motion under Federal Rule of Civil Procedure 12(b)(1). (Doc. 7 at 1). A motion under the provision asks the Court to dismiss because it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). At least one court has observed that Rule 12(b)(1) is not a perfect "vehicle for a motion reliant on" the *Grand Trunk* factors because the doctrine does not "explicitly challenge[] this Court's subject matter jurisdiction." *OMT Addiction Ctrs., LLC v. Freedom Healthcare Props. of Tex., LLC*, No. 3:24-CV-00356, 2025 WL 762691, at *5 (M.D. Tenn. Mar. 11, 2025). For instance, the Howell Defendants do not challenge the Court's diversity jurisdiction nor Plaintiff's standing. (*See* Doc. 1 at ¶¶ 1, 6 (alleging jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because all Defendants reside in Ohio whereas Plaintiff is a corporation with its principal place of business in Pennsylvania and because the amount in controversy exceeds $75,000)). The Howell Defendants challenge only the Court's exercise of discretion "in determining whether and when to entertain [this] action under the

4

Declaratory Judgment Act." *Wilton*, 515 U.S. at 282. Still, because courts have found a Rule 12(b)(1) motion a useful mechanism to consider this issue, this Court does the same. *See, e.g.*, *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831 (S.D. Ohio 2019); *Admiral Ins. Co. v. Fire-Dex, LLC*, No. 1:22-CV-1087-PAB, 2022 WL 16552973 (N.D. Ohio Oct. 31, 2022), *aff'd*, No. 22-3992, 2023 WL 3963623 (6th Cir. June 13, 2023); *OMT Addiction Ctrs., LLC*, 2025 WL 762691; *Matwyuk v. Johnson*, 22 F. Supp. 3d 812 (W.D. Mich. 2014).

### III. DISCUSSION

Central to the Howell Defendants' Motion is the tort action Lauren Ellis has brought in the Cuyahoga County Court of Common Pleas, *Ellis v. Howell*, Case No. CV 24-107923. She sues the Howells and alleges, among other things, negligence, reckless indifference, and negligence per se based on willful or wanton disregard of safety on highways and driving under the influence of alcohol or drugs. (*See* Doc. 17-1). Everett Insurance is not a party in that action. (*Id.*). Here, the Howell Defendants ask the Court either to dismiss this action pursuant to the *Grand Trunk* factors or, in the alternative, to stay the case until the state court action is resolved. (Doc. 7 at 6–7). Though a relatively close call, the *Grand Trunk* factors weigh in favor of exercising jurisdiction and allowing the case to proceed.

#### A. Settlement of the Controversy and Clarification of Legal Relations

The first and second *Grand Trunk* factors ask the Court to consider whether the declaratory action would settle the controversy and clarify the legal relations in issue. *Cole's Place, Inc.*, 936 F.3d at 396. Courts often consider the two factors together, and "almost always" the two questions have the same answer. *Flowers*, 513 F.3d at 557 (noting that generally "if a declaratory judgment will settle the controversy, then it will clarify the legal relations [at] issue").

The Sixth Circuit has observed that "two lines of precedent seem to have developed in [the]

jurisprudence . . . in the context of an insurance company's suit to determine its policy liability." *Id.* at 555 (speaking to factor one only); *Hoey*, 773 F.3d at 760 (extending the statement to factor two).

> One line of cases holds that these two factors relate to whether the declaratory judgment would settle the underlying state-court controversy—that is, the tort action brought by the injured party against the insured—or would at least clarify the legal relationship between the parties in the underlying state-court controversy. . . . The other line of cases directs the district court to focus on the controversy between the parties in the declaratory-judgment action—that is, between the insurer and the insured . . . . In *Flowers*, we suggested that the split might reflect both "competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible," as well as differences in the factual circumstances presented by different cases.

*Hoey*, 773 F.3d at 760 (citing *Flowers*, 513 F.3d at 555–58).

Accounting for the relevant factual circumstances, this matter more closely resembles precedent in the latter line of cases suggesting the controversy between the parties in the declaratory judgment action is the focus. Everett Insurance seeks a declaration that it has no duty to defend or indemnify the Howell Defendants based on exclusions to its insurance policy. Everett Insurance is "not a party to the state court action and neither the scope of the insurance coverage nor the obligation to defend [is] before the state court." *Northland Ins. Co.*, 327 F.3d at 454; *see also Flowers*, 513 F.3d at 556 (noting the *Northland* court relied on these facts "to find that a declaratory judgment would resolve the insurance coverage controversy and would clarify the legal relations at issue"). Thus, right now, the state court cannot consider the indemnification issue—only this Court can. *Flowers*, 513 F.3d at 556; *cf. Cole's Place, Inc.*, 936 F.3d at 399 ("If there is no such parallel state-court litigation, the federal court is merely predicting that another controversy involving the same legal and factual issues as the declaratory-judgment action will arise in state court—an eventuality that may or may not develop."). Additionally, because Ellis,

the plaintiff in the state tort action, is also party to this action, she would be bound by this Court's entry of declaratory judgment. *Cf. Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 813–14 (6th Cir. 2004) (finding a judgment would not settle the controversy when the plaintiff in the state court tort action was not a party to the declaratory judgment action). Accordingly, a judgment in this Court would settle the controversy between the parties on the issue of indemnification.

In a similar vein, because Everett Insurance is not a party to the state tort action and because this is the only case in which its relevant obligations are at issue, a decision by this Court would clarify the legal relationship between Everett Insurance, the insurer, and the Howells, the insured. *Cf. Cole's Place, Inc.*, 936 F.3d at 399 ("Although a federal declaratory judgment does not resolve the relative rights of all parties in the state-court litigation, it does determine whether the insurer must continue defending the insured party and whether it will have to indemnify that party should the state-court plaintiff prevail."); *Smith*, 375 F. Supp. 3d at 842; *W. World Ins. Co. v. Hoey*, No. 12-10220, 2013 WL 5372769, at *4 (E.D. Mich. Sept. 25, 2013), *aff'd*, 773 F.3d 755 (6th Cir. 2014). So, as is common, the second factor rises with the first.

The Howell Defendants do not dispute either factor. (Doc. 7 at 3 (stating a judgment "in this Court or in state court would settle the controversy and would clarify the legal relations")). Instead, they argue that this means the "factors weigh in favor of dismissing the case to be re-filed in state Court." (*Id.*). Fundamentally, though, the Howell Defendants misunderstand. Courts applying *Grand Trunk* have found the presence of the first two factors tend to weigh in favor of a federal court exercising its jurisdiction, not in favor of dismissal. *Cf. Smith*, 375 F. Supp. 3d at 840–42 (finding that because a federal judgment would settle the controversy and would clarify the indemnification duties owed by the plaintiff to the defendant, the first and second factors

supported federal subject matter jurisdiction); *see also Cole's Place, Inc.*, 936 F.3d at 397–99; *Flowers*, 513 F.3d at 555–57; *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454–55 (6th Cir. 2003). The Howell Defendants' concession only bolsters the Court's conclusion.

For these reasons, the Court concludes that the first two *Grand Trunk* factors weigh in favor of exercising its jurisdiction.

B. **Procedural Fencing and the Race for Res Judicata**

In addressing the third *Grand Trunk* factor, a court asks whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata." *Cole's Place, Inc.*, 936 F.3d at 396. Procedural fencing encompasses "a range of tactics that courts regard as unfair or unseemly." *Massachusetts Bay Ins. Co. v. Christian Funeral Directors, Inc.*, 759 F. App'x 431 (6th Cir. 2018) (citation omitted). At base, "[t]he third factor is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" *Flowers*, 513 F.3d at 558 (citing *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)). The Sixth Circuit is "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id.* (collecting cases). And "when the plaintiff has filed his claim after the state court litigation has begun, [courts] have generally given the plaintiff 'the benefit of the doubt that no improper motive fueled the filing of [the] action.'" *Id.* (citing *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814 (6th Cir. 2004)).

There is no evidence in the record that Everett Insurance initiated this lawsuit for any unfair or unseemly reason. This is particularly true given Everett Insurance filed this case after the state court litigation began. *See id.*; *see also* Case No. CV-24-107923 at https://cpdocket.cp.cuyahogacounty.gov/Search.aspx (filed on November 26, 2024); (Doc. 1 (filed

8

on December 4, 2024)). What's more, the Howell Defendants do not seriously dispute this factor. (Doc. 7 at 3 ("Although [Plaintiff] may be in a race for *res judicata*, the Howells are not prepared to accuse [Everett Insurance] of improperly using this Court for procedural fencing")).

Still, the Howell Defendants argue this weighs "in favor of dismissing the case to be re-filed in state Court." (Doc. 7 at 3). The Sixth Circuit is clear the opposite is true: the absence of indicia of procedural fencing "does not point toward *denying* jurisdiction." *Cole's Place, Inc.*, 936 F.3d at 399 (citing *Travelers Indem. Co. v. Bowling Green Pro. Assocs., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) and *Flowers*, 513 F.3d at 559) (emphasis in original)). Rather, it is neutral. *Id.* Seeing no reason to depart from this precedent, the Court finds the third *Grand Trunk* factor points in neither direction.

### C. Increased Friction Between Federal and State Courts

The bulk of the Howell Defendants' arguments against the Court's exercise of jurisdiction center on the fourth *Grand Trunk* factor—whether the use of a declaratory action would increase friction between the federal and state courts and improperly encroach upon state jurisdiction. *Cole's Place, Inc.*, 936 F.3d at 399. As stated, the Sixth Circuit divides this inquiry into three sub-factors. *Id.* (citing *Flowers*, 513 F.3d at 560). At base, this factor "reflect[s] concerns about principles of federalism." *Hoey*, 773 F.3d at 761. Succinctly, the Howell Defendants believe that because this Court will be required to find facts to resolve the matter, exercising jurisdiction would be improper.

### 1. Whether the Underlying Factual Issues are Important to an Informed Resolution of the Case

In attending to the first subfactor, the Court questions "whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560. In actions seeking a declaration in federal court

9

about the scope of insurance coverage, the Sixth Circuit has observed: "[S]uch questions can sometimes be resolved as a matter of law and do not require factual findings by a state court. . . . Indeed, 'the liability issues being determined in the state court proceeding may well be legally, if not factually, distinct from the issues of policy interpretation which are central to the federal declaratory judgment action.' . . . However, sometimes resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court. . . . In such cases, the exercise of jurisdiction would be inappropriate." *Flowers*, 513 F.3d at 560 (internal citations omitted); *see also Northland Ins. Co.*, 327 F.3d at 454; *Travelers*, 495 F.3d at 272.

Courts have further highlighted that, at times, the factual predicates upon which insurance policy coverage is either triggered or barred will not be at issue in the state court case. *See, e.g.*, *Underwriters at Lloyd's of London v. Danco Servs.*, LLC, No. CV 12-122-ART, 2013 WL 12291888, at *2–3 (E.D. Ky. Jan. 28, 2013); *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 789–90 (E.D. Ky. 2008) (weighing the first sub-factor in favor of jurisdiction when the state proceeding considered a driver's negligence in causing an accident, but the only factual issue the federal court would be required to find was whether the driver has permission to drive the car).

The Howell Defendants suggest that it is "too early" to know all the issues of fact that are common to both the state court action and this case. (Doc. 7 at 4). But they offer several facts they say both courts will have to "grapple with." (*Id.*). These include: (1) whether Justin Howell had permission to use the ATV and, if so, whether his use exceeded the scope of the permission; (2) the reasonableness and necessity of Ellis's treatment; (3) and whether the ATV was being used for recreational purposes at the time of the accident. (*Id.* at 4–5). For each, the Howell Defendants

cite provisions of the Policy that, depending on which way the question comes out, may obligate or not obligate Everett Insurance to defend or indemnify Lora or Justin Howell against claims brought by Lauren Ellis. (*Id.*).

The Howell Defendants do not persuasively explain why the factual considerations they identify are key issues in this case and necessary components of the state case. *Cf. Bituminous*, 373 F.3d at 815 (noting strong federalism concerns where a "key issue" in the declaratory judgment action was also a necessary component in the state court negligence action). Rather, they simply declare that because "the events leading to the terrible accident will be examined in meticulous and comprehensive detail" by the state court, this Court's findings could conflict with findings made in the state court. (Doc. 7 at 4). Notably, though, they also failed to contest Everett Insurance's assertion that these three factual considerations will, in reality, have no bearing on the state action. (Doc. 17 at 4).

Further, it seems that the key issues the Court will be required to consider are more limited than what the Howell Defendants suggest. Important here is what Everett Insurance's Complaint asks the Court to do and what key facts are in dispute. According to Everett Insurance, the Policy expressly excludes coverage for ATVs subject to motor vehicle registration and for incidents where an ATV primarily used for farming is involved in an accident on a public road. (Doc. 1 at ¶¶ 32, 35). The Complaint alleges that because the ATV was subject to registration and because the incident occurred on a public road, coverage was excluded under the Policy. (*Id.* at ¶ 30). The Court understands Everett Insurance to seek declaratory relief within the context of these limited questions. While the Complaint certainly makes other factual allegations that will matter to the state court case (*e.g.*, *id.* ¶¶ 20–22), the Howell Defendants do not address why the accident's location and the ATV's registration requirements would necessarily impact the state court action.

11

Notably, the Howell Defendants do not argue that these facts are seriously in dispute at all.

What's more, at this juncture, it is not clear why the state court would even address the registration question in a tort action based on negligence and negligence per se. The state court complaint does not, for example, assert a negligence per se claim based on the registration statute Everett Insurance alleges applies to the ATV. (*See generally* Doc. 17-1). And again, the Howell Defendants have failed to counter Everett Insurance's assertion that Justin's duty to operate the ATV as a reasonably prudent person under state common law would not change based on the location of the incident or the registration of the ATV. (Doc. 17 at 4 (arguing "this Court's determination that the incident occurred away from the insured's premises changes nothing about the State Action")).

At the very least, the Howell Defendants have not met their burden to demonstrate why this subfactor cuts strongly in their favor. This subfactor, then, falls in favor of retaining jurisdiction.

> 2. *Whether the State Trial Court is in a Better Position to Evaluate Those Factual Issues than is the Federal Court*

In general, "state courts [are] in a better position to evaluate novel questions of state law." *Flowers*, 513 F.3d at 560 (collecting cases). But this consideration has "less force when the state law is clear and when the state court is not considering the issues" presented in the federal declaratory action. *Id.*

The Howell Defendants argue that the state court is the better venue to decide state-law questions. (Doc. 7 at 5). And they say that because the state court will examine the ATV incident "in meticulous and comprehensive detail," it is better suited to determine the factual issues presented here. (*Id.* at 4). Merely because state court will also consider the ATV incident does not, by itself, mean that it is better suited to determine the factual issues at play in this case.

12

Further, as stated, questions remain on whether the state court will even need to resolve some of the factual issues that matter here. And though the Howell Defendants are correct there is a general presumption that "state courts are in a better position to decide questions of state law," *Cole's Place, Inc.*, 936 F.3d at 401, ultimately, this case does not raise novel or difficult questions of state law. *See Hoey*, 773 F.3d at 761 (finding the fourth factor weighs in favor of retaining jurisdiction when the case does not raise novel or difficult questions of state law). Accordingly, this factor does not weigh heavily in either direction.

>    3. *Whether There is a Close Nexus Between Underlying Factual and Legal Issues and State Law and/or Public Policy, or Whether Federal Common or Statutory Law Dictates a Resolution of the Declaratory-Judgment Action*

Closing out the subfactors, the Howell Defendants argue that there is a close nexus between the underlying factual and legal issues and state law. (Doc. 7 at 5). The Sixth Circuit has, several times, instructed that the interpretation of insurance contracts is "closely entwined with state public policy." *Cole's Place, Inc.*, 936 F.3d at 401; *Flowers*, 513 F.3d at 561; *Travelers*, 495 F.3d at 273. What's more, Everett Insurance's Complaint presents no questions of federal law that would dictate the resolution of this action. As such, the Court concludes that this factor favors abstaining from the exercise of jurisdiction.

> **D.    Availability of an Alternative Remedy**

Rounding out the *Grand Trunk* factors, the Court considers the availability of an alternative remedy. Relevant here, "[a] district court should 'deny declaratory relief if an alternative remedy is better or more effective.'" *Smith*, 375 F. Supp. 3d at 847 (quoting *Grand Trunk*, 746 F.2d at 326). The Howell Defendants suggest two.

The first is that Everett Insurance should intervene in the state tort action and seek the requested declaration there. (Doc. 7 at 6). However, intervening in the state action is not

13

necessarily a more effective remedy. *Northland Ins. Co.*, 327 F.3d at 454. Other than suggesting that Everett Insurance could intervene, the Howell Defendants have not explained why the intervention solution would be either better or more effective. (*See* Doc. 7 at 6–7). What's more, the Sixth Circuit has extended at least some consideration to a plaintiff's own reasons "to have its dispute settled in federal court rather than state court." *Northland Ins. Co.*, 327 F.3d at 454.

More fleshed out is the Howell Defendants' second idea that the Court could stay this matter while the state court action is resolved. As support for this alternative, they say that "if this action proceeds to judgment before the [state court action] is resolved, they could be collaterally estopped to contest issues in the [state court action] resulting in prejudice to the Howells." (Doc. 7 at 6). In other words, the Howell Defendants rest their argument on the supposition that "the coverage question turns on facts to be litigated" in state court. (*Id.*). But, as stated above, the Howell Defendants have failed to persuade the Court that the coverage questions presented in this action will be litigated or necessarily resolved in the state court case. So, staying the case while the state tort action plays out is not obviously a better or more effective remedy either.

Tangentially, the Howell Defendants also contend that the Court should consider a potential discovery dispute as relevant to its *Grand Trunk* analysis. They state that they "will request [that Everett Insurance] produce its entire claim file . . . [which] will likely contain correspondence from defense lawyers retained by [Everett Insurance] to defend the Howells" in the state court action. (Doc. 7 at 5–6). They further suggest that if the Court retained jurisdiction over this action, and did not issue a stay pending the outcome of the state court case, "it would face the task of parsing what information from the claims file was discoverable." (*Id.* at 6 (citing *Boone v. Vanliner*, 744 N.E.2d 154 (Ohio 2001))). The state court, so the Howell Defendants aver, is better suited for this task. (*Id.*). However, this argument is premised on an eventuality that may

14

not come to pass. At the very least, Everett Insurance has raised some question about whether the insurance claim file is even discoverable. (Doc. 17 at 5–6 (arguing production of claim files are reserved for cases involving an allegation of bad faith or in matters involving pre-judgment interest under Ohio law)). Consequently, this argument does not move the needle either.

In sum, the Howell Defendants have not shown this Court is "a clearly inferior forum to resolve" the issues presented. *Flowers*, 513 F.3d at 562. All things considered, this factor remains neutral at best.

### E. Balance of the Factors

This case presents a somewhat close call. On balance, however, the scale tips toward allowing this matter to proceed before this Court. The first two *Grand Trunk* factors weigh in favor of exercising jurisdiction. The third factor and fifth are neutral. And the fourth factor is also largely neutral—with one subfactor weighing in favor of exercising jurisdiction, one subfactor weighting in favor of abstaining, and one subfactor falling in neither direction.

Taking a step back, though, it appears that a declaration about whether Everett Insurance must defend or indemnify the Howell Defendants would be useful. No other court is considering that specific issue. Indeed, the Howell Defendants themselves seem to want a declaratory judgment—just not from this Court. *See Hoey*, 773 F.3d at 761. But it is not so obvious when evaluating the Complaint in this case, the complaint in the state court case, and the arguments presented in the Howell Defendants' Motion that the considerations of efficiency, fairness, and federalism require this Court to abstain from exercising jurisdiction.

After considering the *Grand Trunk* factors, and given the "'unique and substantial' discretion which the Declaratory Judgment Act confers on district courts," *Flowers*, 513 F.3d at 563 (quoting *Wilton*, 515 U.S. at 286)), the Court concludes the circumstances here weigh in

favor of a continued exercise of jurisdiction over Everett Insurance's declaratory judgment action. Yet the question of jurisdiction is ongoing. If it becomes obvious that issuing a declaratory judgment in this case will trample on federalism concerns or otherwise not be efficient or fair, the Court could reevaluate this question upon a proper showing by the Howell Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Howell Defendants' Motion to Dismiss (Doc. 7).

IT IS SO ORDERED.

Date:  June 25, 2025                                                   /s/ Kimberly A. Jolson
                                                                       KIMBERLY A. JOLSON
                                                                       UNITED STATES MAGISTRATE JUDGE